CLD-045                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2640
_____

IN RE: SHARON M. JAMES,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to 1-23-cv-00914)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 14, 2023

Before: KRAUSE, FREEMAN, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: December 29, 2023)
_____

OPINION[*]
_____

**PER CURIAM**

Pro se petitioner Sharon James has filed a "motion for a peremptory challenge of a

judge" related to her lawsuit pending in the District Court.  We will construe her motion

as a petition for a writ of mandamus and will deny it.

In 2022, James initiated a civil action in the District Court of Delaware against

John Cerino who was then the Clerk of the District Court.  Chief District Judge Colm F.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Connolly presided over that action and ultimately dismissed James's complaint. See James v. Cerino, 1:22-cv-00938 (D. Del. 2022). James did not appeal.

In August 2023, James filed another civil rights action in the District Court of Delaware, see James v. Connolly, 1:23-cv-00914 (D. Del. 2023), which presents the basis for the present mandamus petition. That action was assigned to District Judge Richard G. Andrews. In her complaint, James challenged Judge Connolly's disposition of her 2022 action. James also filed a motion for a default judgment in the District Court which remains pending.

In September 2023, James filed the present "motion for a peremptory challenge" in this Court, contending that Chief Judge Connolly exhibited bias when he decided to assign her case to Judge Andrews. See C.A. No. 1 at 1-2. According to James, the fact that the defendants in the present action are court employees at the U.S. District Court for the District of Delaware rendered it "unlikely that a fair and impartial trial can be obtained" by a District Court judge. Id. at 2. Furthermore, James contends that Chief Judge Connolly's case assignment decision deprived her of the opportunity to consent to having a Magistrate Judge preside over her case. Id. Accordingly, James asks us to impeach Chief Judge Connolly from the District Court. Id. In this Court, James also submitted a "motion to change venue" seeking to transfer this case (and her motion for a preemptory challenge) back to the District Court of Delaware so that she can consent to a Magistrate Judge's jurisdiction. See C.A. No. 7 a 3-4.

Although James's filing is labeled as a motion for a peremptory challenge, the substance of the filing seeks to recuse Chief Judge Connolly and District Judge Andrews

2

for judicial bias pursuant to 28 U.S.C. § 455. See Lewis v. Att'y Gen., 878 F.2d 714, 722 n.20 (3d Cir. 1989) (noting that pro se filings are judged based on substance rather than form or label). Mandamus is a proper means for this Court to review a District Court's obligation to recuse under § 455. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003). A writ of mandamus is a "drastic remedy" that may be granted "only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (internal quotation marks omitted). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means exist to attain the relief he desires, (2) [his] right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted).

James's dissatisfaction with the fact that Judge Andrews is presiding over her civil action stems from her disagreement with Chief Judge Connolly's disposition of her 2022 action and her speculation that the District Court judges and former Clerk Cerino harbored bias against her. These are insufficient bases for mandamus relief. "We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000); see also Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Moreover, the fact that Cerino worked as the Clerk of the District Court of Delaware does not, without more, give rise to doubts about Chief Judge Connolly's or Judge Andrews's

3

impartiality. Accordingly, we will deny James's motion for a peremptory challenge, treated as a mandamus petition. James's motion to transfer venue is also denied as unnecessary because her case remains pending in the District Court.